IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKE LINN FRANKE,<br><br>Defendant. | No. CR15-4052-LTS<br><br>**RULE 11(c)(1)(C)**<br>**REPORT AND RECOMMENDATION**<br>**CONCERNING PLEA OF GUILTY** |

On February 18, 2016, the above-named defendant, by consent, appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and entered a plea of guilty to **the lesser included offense of Count One** of the Indictment. After cautioning and examining the defendant under oath concerning the subject mentioned in Rule 11, the court determined that the guilty plea was knowledgeable and voluntary, and the offense charged was supported by an independent basis in fact containing the essential elements of the offense charged in Count One of the Indictment. The court therefore **RECOMMENDS** that the plea of guilty be accepted and the defendant be adjudged guilty.

At the commencement of the Rule 11 proceeding, the defendant was placed under oath and advised that if she answered any questions falsely, she could be prosecuted for perjury or for making a false statement. She also was advised that in any such prosecution, the Government could use against her any statements she made under oath.

The court then asked a number of questions to ensure the defendant's mental capacity to enter a plea. The defendant stated her full name, her age, and the extent of her schooling. The court inquired into her history of mental illness and addiction to narcotic drugs. The court further inquired into whether the defendant was under the

influence of any drug, medication, or alcoholic beverage at the time of the plea hearing. From this inquiry, the court determined that the defendant was not suffering from any mental disability that would impair her ability to make knowing, intelligent, and a voluntary plea of guilty to the charge.

The defendant acknowledged that she had received a copy of the Indictment, and she had fully discussed these charge with her attorney.

The court summarized the charge against the defendant, and listed the elements of the crime. The court determined that the defendant understood each and every element of the charge, and the defendant's counsel confirmed that the defendant understood each and every element of the charge.

The court then elicited a full and complete factual basis for all elements of the crime charged in Count One of the Indictment.

The court advised the defendant of the consequences of her plea, including, the maximum fine and the maximum term of imprisonment.

With respect to Count **One**, the defendant was advised that the maximum fine is **$5,000,000**; the maximum term of imprisonment is **40 years**; and that the **mandatory minimum sentence is 5 years**; and the maximum period of supervised release is life.

The court advised the defendant that she was pleading guilty under a plea agreement with the Government that provided for the imposition of a specific, agreed sentence at the time of the sentencing hearing. After confirming that a copy of the written plea agreement was in front of the defendant and her attorney, the court determined that the defendant understood the terms of the plea agreement. The court explained to the defendant that at the sentencing hearing, the district judge would consider whether or not to accept the plea agreement and impose the agreed sentence. If the district judge decided to accept the plea agreement and impose the agreed sentence, then the defendant would receive the agreed

sentence. If the district judge decided to reject the plea agreement and impose a different sentence, then the defendant would have an opportunity to withdraw her plea of guilty and plead not guilty. The court further advised the defendant that pursuant to the terms of the plea agreement, which provided that she was pleading guilty pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, she would be sentenced to a term of imprisonment of **90 months (7.5 years)**. The court explained to the defendant that if the district judge rejected the plea agreement and the defendant did not withdraw her guilty plea, then the court could dispose of the case less favorably toward her than the plea agreement contemplated, including imposing a longer sentence than the one to which the parties had agreed in the plea agreement.

The defendant also was advised that the court was obligated to impose a special assessment of **$100.00** which she must pay. She also was advised of the collateral consequences of a plea of guilty. The defendant acknowledged that she understood all of the above consequences.

The court then explained supervised release to the defendant, and advised the defendant that a term of supervised release would be imposed in addition to the sentence of imprisonment. The defendant was advised that among other conditions of supervised release, she could not commit another federal, state, or local crime while on supervised release, and she could not possess illegal controlled substances while on supervised release. The defendant was advised that if she were found to have violated a condition of supervised release, then her term of supervised release could be revoked and she could be required to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release.

The defendant was advised that parole has been abolished.

Defendant also acknowledges that her plea agreement contains an appeal waiver, and she agrees to waive her appeal rights as set out in that waiver.

The defendant indicated she had conferred fully with and was fully satisfied with her attorney. The defendant's attorney indicated that there is a factual basis for the guilty plea.

The defendant was advised fully of her right to plead not guilty, and have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;

2. The right to a speedy, public trial;

3. The right to have her case tried by a jury selected from a cross-section of the community;

4. That she would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the Government could prove each and every element of the offense(s) beyond a reasonable doubt;

5. That the Government could call witnesses into court, but the defendant's attorney would have the right to confront and cross-examine those witnesses;

6. That the defendant would have the right to see and hear all witnesses presented at trial;

7. That the defendant would have the right to subpoena defense witnesses to testify at the trial, and if she could not afford to pay the mileage and other fees to require the attendance of those witnesses, then the Government would be required to pay those costs;

8. That the defendant would have the privilege against self incrimination; *i.e.*, she could choose to testify at trial, but she need not do so, and if she chose not to testify, then the court would, if the defendant requested, instruct the jury that the defendant had a constitutional right not to testify;

9. That any verdict by the jury would have to be unanimous;

10. That she would have the right to appeal, and if she could not afford an attorney for the appeal, then the Government would pay the costs of an attorney to prepare the appeal.

The defendant also was advised of the rights she would waive by entering a plea of guilty. The defendant was told there would be no trial, she would waive all the trial rights just described, and she would be adjudged guilty without any further proceedings except for sentencing.

The defendant then confirmed that her decision to plead guilty was voluntary and was not the result of any promises other than plea agreement promises, and her decision to plead guilty was not the result of any threats, force, or anyone pressuring her to plead guilty.

The defendant then confirmed that she still wished to plead guilty, and she pleaded guilty to **the lesser included offense of Count One** of the Indictment

The court finds the following with respect to the defendant's guilty plea:

1. The guilty plea was voluntary, knowing, not the result of force, threats or promises, except plea agreement promises, and the defendant is fully competent.
2. The defendant is aware of the maximum punishment and the mandatory minimum sentence.
3. The defendant knows her jury rights.
4. The defendant has voluntarily waived her jury rights.
5. There is a factual basis for the plea.
6. The defendant is, in fact, guilty of the crime to which she is pleading guilty.

The defendant was advised that a written presentence investigation report would be prepared to assist the court in sentencing. The defendant was asked to provide the information requested by the U.S. Probation Office to prepare the presentence investigation report. The defendant was told that she and her counsel would have an

opportunity to read and object to the presentence report before the sentencing hearing, and she and her counsel would be afforded the opportunity to be heard at the sentencing hearing.

The defendant was advised that the failure to file written objections to this Report and Recommendation within 14 days of the date of its service would bar her from attacking this court's Report and Recommendation, which recommends that the assigned United States District Judge accept the defendant's plea of guilty. A copy of this Report and Recommendation was served on the defendant and her attorney at the conclusion of the proceeding.

The court finds by clear and convincing evidence that the defendant is not likely to flee or to pose a danger to the safety of any other person or the community. Therefore, in accordance with 18 U.S.C. §§ 3143(a) and 3142(c), the defendant is released pursuant to the terms of her bond, and she shall surrender to the United States Marshals Service on a date to be determined by the United States District Judge.

**DONE AND ENTERED** at Sioux City, Iowa, this 18th day of February, 2016.

C.J. Williams
United States Magistrate Judge
Northern District of Iowa