# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CR15-4052-LTS |
| vs. | **ORDER** |
| BROOKE LINN FRANKE, | |
| Defendant. | |

This matter is before me on a Report and Recommendation (R&R) which recommends that I accept defendant's Fed. R. Cr. P. 11(c)(1)(C) plea of guilty. *See* Doc. No. 36.

## I. BACKGROUND

On August 20, 2015, defendant was charged in a two-count indictment. Count 1 charges defendant with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Count 2 charges defendant with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On February 18, 2016, defendant appeared before the Honorable C.J. Williams, United States Magistrate Judge, and pled guilty to the lesser included offense of count 1 of the indictment. On that same date, Judge Williams filed an R&R in which he recommends that defendant's guilty plea be accepted. The parties have waived the right to object to the R&R and have consented to its acceptance. *See* Doc. No. 37.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III. DISCUSSION

Because neither party objects to the R&R, I have reviewed it for clear error. Based on that review, I am not "left with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573-74. As such, I hereby **accept** the R&R without modification and **accept** defendant's plea of guilty in this case to the lesser included offence of count 1 of the indictment. Pursuant to the Fed. R. Cr. P. 11(c)(3)(A), I reserve the right to accept or reject the plea agreement at the time of sentencing.

**IT IS SO ORDERED.**

**DATED** this 9th day of March, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE